UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN BUDDINGTON, ET AL. | CIVIL ACTION |
| VERSUS | NO: 22-1566 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL. | SECTION: T(2) |

**ORDER**

Before the Court is the Motion to Dismiss the Amended Complaint filed by defendants, United Services Automobile Association ("U.S. Auto. Assoc.") and USAA General Indemnity Company ("USAA GIC") (together, "USAA" or "Defendants").[1] Plaintiffs, Steven Buddington, Irma Dural, and Marie Buscaino, who bring this lawsuit for themselves as well as on behalf of a purported putative class, oppose the Motion.[2] USAA has filed a Reply Memorandum[3] and the Motion has been submitted to the Court. For the following reasons, the Motion is DENIED.

**RELEVANT BACKGROUND**

On July 14, 2022, Plaintiffs filed a First Amended Class Action Complaint.[4] Therein, Plaintiffs assert they had car insurance through USAA that provided physical damage coverage for "the cost to repair or replace an insured vehicle up to the 'Actual Cash Value' ('ACV') of the vehicle."[5] Plaintiffs, whose vehicles were determined to be total losses as a result of physical

---

[1] R. Doc. 23.
[2] R. Doc. 26.
[3] R. Doc. 35.
[4] R. Doc. 21. The Court notes that the Amended Complaint is the operative Complaint in this matter. Plaintiffs' Original Complaint (R. Doc. 1) included Garrison Property and Casualty Insurance Company ("Garrison") as a party defendant. The Amended Complaint removed Garrison from this lawsuit leaving only USAA as defendants.
[5] R. Doc. 21.

damage, claim that the ACV owed to them includes all costs associated with acquiring a replacement vehicle.[6] To that end, Plaintiffs contend that they are owed certain fees and taxes, including sales tax, title fees, title transfer fees, and registration fees (hereinafter, "Regulatory Fees"), associated with buying a replacement vehicle and that USAA has refused to pay these fees in violation of their obligations under the applicable insurance policies (the "Policies").[7] Plaintiffs further claim they are entitled to bad faith penalties under Louisiana Revised Statutes § 22:1892 and § 22:1973 because USAA arbitrarily and capriciously failed to pay full ACV replacement costs to which they are entitled.[8]

USAA has moved to dismiss Plaintiffs' Amended Complaint, arguing Plaintiffs have failed to allege they suffered a compensable "loss" as defined by the Policies.[9] Instead, Plaintiffs wrongfully claim entitlement to the Regulatory Fees under the Policies' limitation of liability clause, which caps USAA's payment obligations to the "actual cash value" of the covered vehicle.[10] As such, USAA contends that Plaintiffs misconstrue the Policies' limitation of liability provision as imposing an affirmative duty to pay ACV.[11] Moreover, USAA asserts that even if it was obligated to pay the ACV of the vehicles to Plaintiffs, the alleged "replacement costs" at issue do not fall under the Policies' definition of ACV.[12] As to some of the taxes and fees claimed, USAA argues that Plaintiffs lack standing to recover them because the expenses were either paid by USAA or not actually incurred by Plaintiffs.[13] Therefore, Plaintiffs have suffered no injury for

---

[6] R. Doc. 21.
[7] R. Doc. 21.
[8] R. Doc. 21.
[9] R. Doc. 23-1.
[10] R. Doc. 23-1.
[11] R. Doc. 23-1.
[12] R. Doc. 23-1.
[13] R. Doc. 23-1.

which they can recover.[14] Finally, USAA argues that because Plaintiffs' primary breach of contract claims are lacking, their bad faith claims must also fail.[15]

In response, Plaintiffs contend that ACV sets the measure of USAA's payment obligations in cases of total losses.[16] As such, when USAA elects to "total" an insured vehicle, it is obligated to pay the ACV of the car and that amount necessarily includes any expenses related to the purchase of a comparable vehicle such as the Regulatory Fees at issue.[17] For support, Plaintiffs rely on the language of Louisiana Revised Statute § 22:1892(B)(5), which requires settlements of total loss claims to be "based on the actual cost to purchase a comparable motor vehicle."[18] Moreover, Plaintiffs argue that USAA's voluntary payment of some of the Regulatory Fees when it paid out Plaintiffs' claims evidences USAA's acknowledgment that the Regulatory Fees are included in the ACV calculation.[19]

USAA replies that Plaintiffs have conflated the limitation of liability provision with the Policies' affirmative grant of coverage, which only insures a "loss."[20] To that end, USAA contends that the Regulatory Fees are not a "loss" and, therefore, cannot be included in the limit of liability calculation.[21] USAA further argues Louisiana Revised Statute § 22:1892(B)(5) supports its position, in so far as the statute provides three methods for calculating ACV, none of which take into account Regulatory Fees.[22]

---

[14] R. Doc. 23-1.
[15] R. Doc. 23-1.
[16] R. Doc. 26.
[17] R. Doc. 26.
[18] La. R.S. § 22:1892(B)(5).
[19] R. Doc. 26.
[20] R. Doc. 35.
[21] R. Doc. 35.
[22] R. Doc. 35.

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[23] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[24] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."[25] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[26] and the documents attached to the complaint.[27]

Here, Plaintiffs have attached one of the insurance policies at issue[28] to their Complaint and represent that the pertinent provisions therein are consistent within each policy issued by USAA to each Plaintiff.[29] Plaintiffs also attach to their Complaint the Total Loss Settlement documents for the respective claims, which detail the settlement payments made by USAA and itemize the amounts paid for, among other things, the "vehicle's actual cash value," "sales tax," "salvage title fee," and "other vehicle and transfer fees."[30] The Complaint's attachments are central to Plaintiffs' claims and will therefore be considered in the Court's analysis of the Motion to Dismiss.

---

[23] Fed. R. Civ. P. 12(b)(6).
[24] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F. 2d 1045, 1050 (5th Cir. 1982).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Matter of Am. River Transp., Co.* LLC, CV-18-2186, 2019 WL 2847702, at 82 (E.D. La. July 2, 2019).
[26] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[27] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[28] See R. Doc. 21-1.
[29] R. Doc. 21.
[30] See R. Docs. 21-2, 21-3, & 21-4.

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[31] The complaint is construed in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor.[32] On the other hand, the court may not rely on "legal conclusions that are disguised as factual allegations."[33] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[34]

## II. Applicable Law

The parties do not dispute that the policies are governed by Louisiana Law. Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[35] "The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract" by construing words and phrases "using their plain, ordinary and generally prevailing meaning...."[36] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[37] "Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms."[38] Accordingly,

---

[31] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[32] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[33] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)).
[34] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[35] *Mayo v. State Farm Mut. Auto. Ins. Co.*, 869 So.2d 96, 99 (La. 2004) (citations omitted); see also *Lamar Adver. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 659-660 (5th Cir. 2005).
[36] *Mayo*, 869 So.2d at 99 (citations omitted).
[37] *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (quoting La. C.C. art. 2046).
[38] *Id.* at 345–46 (quoting *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003)).

"[c]ourts should not 'create an ambiguity where none exists.'"[39] That said, ambiguity in an insurance policy exists where the "policy provision is susceptible to two or more reasonable interpretations, meaning that each of the alternative interpretations must be reasonable."[40]

## III. **Discussion**

The central issue before the Court is whether the Regulatory Fees at issue fall under the definition of ACV in the Policies. The Policies state that, "[a]ctual cash value means the amount it would cost, at the time of loss, to buy a comparable vehicle."[41] On the one hand, USAA argues that the parameters of ACV is limited to the value of the covered vehicle at the time of the loss. On the other hand, Plaintiffs assert that the "cost…to buy a comparable vehicle" means the expenses related to the purchase of a replacement car.

In *Wright v. GEICO Casualty Company*, the court was faced with a similar situation.[42] There, plaintiff was involved in a car accident and her insurance company, GEICO, determined that her vehicle was a total loss, limiting its liability under the applicable policy.[43] GEICO calculated the value of the plaintiff's car, subtracted the deductible, and added a post-tax adjustment before paying the plaintiff the resulting sum.[44] GEICO did not add, however, any additional sums to the settlement to account for the title fee, transfer handling fee, or license plate fee that are required under Louisiana law.[45] Plaintiff ultimately replaced her vehicle and incurred

---

[39] *Id.* at 346 (quoting *Cadwallader*, 848 So.2d at 580).
[40] *Id.* (quoting *Cadwallader*, 848 So.2d at 580).
[41] R. Doc. 21-1, p. 25.
[42] *Wright v. GEICO Casualty Company*, 2021 WL 4429190 (M.D. La. Sept. 27, 2021).
[43] *Id.* at *1.
[44] *Id.*
[45] *Id.*

$11.00 in regulatory fees that were not covered by GEICO.[46] Plaintiff filed suit for breach of contract and bad faith claiming that GEICO failed to pay all amounts owed to her, and others similarly situated, where the damaged vehicle was a total loss as required by the policy.[47] GEICO responded with a Rule 12 motion to dismiss asserting that the policy unambiguously did not cover the "ancillary fees" sought by the plaintiff as a compensable "loss."[48] The issue before the court was whether the regulatory fees sought by the plaintiff were included in the "actual cash value" owed to her where the GEICO policy defined actual cash value as "replacement cost."[49] The court observed that "[w]hen GEICO elected to limit its liability rather than pay the full value of the losses incurred by the members of the putative class, it created an ambiguity as to how much its liability is limited."[50] Accordingly, it was unclear whether the regulatory fees were owed to the plaintiff and the court found that GEICO's failure to pay the regulatory fees and sales tax could constitute a breach of the insurance agreement and the plaintiff had adequately stated a viable claim for relief.[51] With regard to the plaintiff's bad faith claims, the court similarly held that her allegations were adequately pled because they were based on GEICO's failure to pay the full amount potentially owed to her in compliance with La. R.S. § 22:1892(B)(1) and in violation of the prohibited acts listed in Louisiana Revised Statute § 22:1973.[52]

In *Thompson v. United Services Automobile Association*, a particularly persuasive case for the Court's analysis here, the plaintiff filed a class action against his insurer for breach of contract

[46] *Id.*
[47] *Id.*
[48] *Id.* at *2-3.
[49] *Id.* at *3.
[50] *Id.* at *5.
[51] *Id.*
[52] *Id.* at *6.

based on nearly identical facts as those involved in the case *sub judice*.[53] In that case, Thompson's vehicle was declared a total loss by the insurer after he was in an accident. Thompson was paid the actual cash value for his vehicle but was not compensated for certain license and registration fees and taxes.[54] Thompson sued on behalf of himself and a putative class alleging the insurer breached its insurance contract by failure to pay the fees, which were owed as part of the actual cash value provided for in the policy.[55] Actual cash value was defined in the policy as "the amount that it would cost, at the time of loss, to buy a comparable vehicle…."[56] The insurer moved for judgment on the pleadings pursuant to Rule 12(c), arguing that Thompson had "incorrectly confused the limit of liability with the insuring agreement" because actual cash value was "not included in the insuring agreement itself (and is only included in the limit of liability section of the Policy)."[57] The insurer further argued that Thompson's claims effectively sought to alter the insurance agreement from one covering "loss" to a "replacement agreement."[58] In evaluating the insurer's Rule 12(c) motion, the court noted that the standard to be applied was the same as when considering motions to dismiss under Rule 12(b)(6).[59] As such, the court found it was unclear whether payment of ACV (and taxes and fees) was required by the policy because its terms were ambiguous.[60] The court emphasized that the insurer's decision to pay its limits of liability, as opposed to Thompson's actual "loss," resulted in further ambiguity over "what is included as part of the cost 'to buy a comparable vehicle.'"[61] Accordingly, the court concluded the insurer's failure

---

[53] *Thompson v. United Services Automobile Association*, 2022 WL 2980694 (N.D. Miss. July 27, 2022).
[54] *Id.* at *1.
[55] *Id.*
[56] *Id.*
[57] *Id.* at *2.
[58] *Id.*
[59] *Id.* at *1.
[60] *Id.* at *4.
[61] *Id.* at *4-5.

to pay the disputed fees could amount to a breach of contract and plaintiff had sufficiently stated a claim for which relief could be granted.[62]

Considering the analogous case law discussed above and the facts of the present case, the Court finds that Plaintiffs' claims are sufficiently pled to survive USAA's Rule 12(b)(6) attack. The breach of contract claims are plausible under the reasonable interpretation of the Policies posited by Plaintiffs. USAA's own actions, in electing to limit their liability to ACV while voluntarily paying some, but not all, taxes and fees to Plaintiffs further muddies the waters of the Policies' coverages. As such, whether the Regulatory Fees at issue are actually owed and whether USAA breached its obligations under the Policies remains to be determined at a later date. At this early stage in these proceedings, the Court is satisfied that Plaintiffs have asserted viable breach of contract claims. Further, USAA's contention that Plaintiffs lack standing to recover the sales taxes, title fees, and handling charges because they have already been paid to them does not warrant dismissal of those claims at this Rule 12 stage in the litigation. Discovery on these issues is needed because Plaintiffs have contested USAA's sales tax calculations and the nature of the fees that were paid to Plaintiffs is not readily apparent from the Total Loss Settlement documents before the Court. Similarly, whether Plaintiffs can recover certain fees that are only assessed against specific types of vehicles, is an issue that does not need to be determined now. The discovery phase of this litigation will certainly ferret out those detailed factual issues and are better reserved for when evidence, either supporting or refuting those conclusions, is made known. Finally, the Court finds that Plaintiffs' bad faith claims were sufficiently pled. Like the plaintiff in *Wright v. GEICO*,

---

[62] *Id.* at *5.

Plaintiffs here have alleged specific acts of USAA to implicate their entitlement to damages under Louisiana Revised Statutes §§ 22:1892 and 22:1973.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss the Amended Complaint filed by defendants, United Services Automobile Association and USAA General Indemnity Company, is **DENIED**

New Orleans, Louisiana, this 31st day of March 2023.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE